# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOHNATHAN PINNEY                                           PLAINTIFF

v.                    No. 4:19-cv-138-DPM

CHRIS WARING, Lieutenant,                 DEFENDANTS
Fairfield Bay Police Department,
CHAD BROWN, State's Attorney,
FOSTER, Van Buren County Judiciary,
MARK RODDENBERRY, Sergeant,
Fairfield Bay Police Department,
DALLAS CLARK, Code Enforcement
Officer, Fairfield Bay, LUCAS
EMBERTON, Sheriff, Van Buren County

# ORDER

**1.** Motion to proceed *in forma pauperis*, № 5, granted. Pinney must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because Pinney can't afford to pay one. But his custodian must collect monthly payments from Pinney's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Pinney's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this Order to the Administrator of the Van Buren County Detention Center, P.O. Box 451, Clinton, Arkansas 72031.

**3.** The Court must screen Pinney's complaint, as amended. № 2, 6, 9, 11 & 12. Pinney alleges he was unlawfully arrested and wrongfully charged with terroristic threatening. № 2. He is currently in custody awaiting trial on those charges. The Court must abstain from proceeding with Pinney's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Pinney may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). These claims must therefore be put on hold until there's a final disposition of Pinney's pending state charges. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

**4.** Pinney also makes numerous other claims—conditions of confinement, failure to protect, medical indifference, and due process violations. № 2, 6 & 9. Those claims aren't properly joined in this case and therefore are dismissed without prejudice. FED. R. CIV. P. 20. If

Pinney wants to pursue these claims, then he must do so in a separate lawsuit.

* * *

The Court directs the Clerk to stay and administratively terminate this case. All pending motions are denied as moot. Pinney can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Pinney doesn't file a timely motion to reopen or a status report by 16 March 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 March 2019